**Christina WINCKLER, Plaintiff–Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.**

No. 05–16430.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Christina Winckler, Yreka, CA, pro se.

Office of the U.S. Attorney, Sacramento, CA, Eric K.H. Chinn, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Christina Winckler appeals the District Court's order affirming the Social Security Administration Commissioner's decision denying her application for supplemental social security income under Title XVI of the Social Security Act.

The District Court committed no error in affirming the Commissioner's decision. The Administrative Law Judge ("ALJ") properly considered the medical evidence in the record and cited specific and legitimate reasons for rejecting the opinions of two of Winckler's treating physicians. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). Likewise, the ALJ properly rejected the medical opinion of the nurse practitioner, as she was not an acceptable medical source. *See* 20 C.F.R. § 404.1513(a), (d)(1); *cf. Gomez v. Chater,* 74 F.3d 967, 971 (9th Cir.1996). The ALJ also cited specific and legitimate reasons for rejecting the credibility of Winckler and that of a lay witness testifying on Winckler's behalf. *See Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993); *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001). Furthermore, Winckler did not meet her burden to show that her impairments, ei-

ther alone or in combination, met or equaled a listed impairment. *See Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990). Finally, the ALJ properly relied on the opinion of the vocational expert, as that opinion described the ability to work of a hypothetical person with plaintiff's relevant limitations, as set forth in the non-discredited medical opinions. *Cf. Embrey v. Bowen,* 849 F.2d 418, 422–23 (9th Cir.1988).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

